| | |
|---|---|
| NORTH CAROLINA FARM BUREAU FEDERATION, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR, *et al.*,<br><br>Defendants. | Case No. 5:24-cv-00527-FL |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants United States Department of Labor, Jessica Looman, sued in her official capacity as Administrator, Wage & Hour Division of the United States Department of Labor, and Jose Javier Rodriguez, sued in his official capacity as Assistant Secretary of the United States Department of Labor (collectively, "Defendants"), hereby submit their Answer to the Verified Complaint (ECF No. 1) filed by Plaintiffs North Carolina Farm Bureau Federation, Inc., Hight Family Farms, LLC, and Triple B. Farms, Inc.

The various headings throughout the Complaint do not contain allegations of fact but rather consist of Plaintiffs' characterization of this action or conclusions of law, which require no response. To the extent that a response is deemed required to these headings, Defendants respectfully refer the Court to any referenced legal authority for a full and accurate statement of the authority's contents and deny any allegations inconsistent with the authority, and otherwise Defendants deny any allegations in the headings.

1

Defendants note that the factual record upon which review will be based in this case, brought under the Administrative Procedure Act (APA), 5 U.S.C. §701 *et seq.*, consists of the administrative record and not the allegations in the Verified Complaint (ECF No. 1) or this Answer.

Defendants respond to the numbered paragraphs as follows, using the same numbering in the complaint.

1. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

2. This paragraph contains Plaintiffs' characterization of this lawsuit and a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

3. This paragraph contains Plaintiffs' characterization of plaintiffs in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

4. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

5. This paragraph contains Plaintiffs' characterization of plaintiffs in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

6. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants admit that

North Carolina Farm Bureau Federal submitted a comment in the rulemaking at issue in this case but otherwise lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

7. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph. Defendants respectfully refer this Court to *Farm Labor Organizing Committee v. Stein*, 56 F. 4th 339 (4th Cir. 2022), for a complete and accurate statement of the contents of that decision and deny any allegations inconsistent with it.

8. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

9. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

11. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of this paragraph. The allegations in the second sentence consist of argument and legal conclusions to which no response is required.

12. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

15. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants admit that Hight Family Farms has filed applications for H-2A labor certifications in the past and that in 2024, they were certified to employ 33 H-2A workers. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the rest of this paragraph.

16. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

17. This paragraph contains Plaintiffs' characterization of a plaintiff in this matter, to which no response is required. To the extent that a response is deemed required, Defendants admit that Triple B Farms has filed applications for H-2A labor certifications in the past and that in 2024, they were certified to employ 6 H-2A workers. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the rest of this paragraph.

18. Defendants admit the first sentence. The second and third sentences consist of conclusions of law, not allegations of fact to which a response is required. To the extent a response

is deemed required, Defendants respectfully refer the Court to DOL's enabling statute, 29 U.S.C. § 551 *et seq.*, and its implementing regulations, Title 29 of the C.F.R., for a complete and accurate statement of their contents regarding the Department of Labor's responsibilities and deny any allegations inconsistent with that statute or those regulations.

19. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit that the Employment and Training Administration (ETA) and the Wage and Hour Divisions (WHD) jointly issued the Final Rule; otherwise, Defendants respectfully refer the Court to DOL's enabling statute, 29 U.S.C. § 551 *et seq.*, and its implementing regulations, Title 29 of the C.F.R., for a complete and accurate statement of their contents regarding the Department of Labor's responsibilities and deny any allegations inconsistent with that statute or those regulations.

20. Admit.

21. Admit.

**JURISDICTION AND VENUE**

22. This paragraph consists of conclusions of law, not allegation of fact to which a response is required. To the extent a response is required, Defendants refer the Court to the cited statutory provisions for a full and accurate statement of their contents and deny any allegations inconsistent with those provisions.

23. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the APA for a full and accurate statement of its contents and deny any allegations inconsistent with the APA.

24. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the APA for a full and accurate statement of its contents and deny any allegations inconsistent with the APA.

25. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the APA for a full and accurate statement of its contents and deny any allegations inconsistent with the APA.

26. The first sentence consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is required, Defendants admit that no property is involved in this action and lack knowledge or information sufficient to form a belief as to where the Plaintiffs reside. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151-169, for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

28. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

29. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

30. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

31. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

32. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

33. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny.

34. The first two sentences of this paragraph consist of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

35. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

36. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Immigration Reform and Control Act of 1986 (IRCA), P.L. No. 99-603, and 8 U.S.C. §1101 for a full and accurate statement of the contents of those statutes and deny any allegations inconsistent with those statutes.

37. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the IRCA for a full and accurate statement of its contents and deny any allegations inconsistent with the IRCA.

38. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the IRCA for a full and accurate statement of its contents and deny any allegations inconsistent with the IRCA. Defendants deny that its regulatory authority is limited to certifying for the Attorney General's approval employer petitions to bring foreign agricultural employees into the United States.

39. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the IRCA for a full and accurate statement of its contents and deny any allegations inconsistent with the IRCA.

40. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the IRCA for a full and accurate statement of its contents and deny any allegations inconsistent with the IRCA.

41. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the regulations implementing the H-2A program, at 20 C.F.R. Part 655 and deny any allegations inconsistent with those regulations.

42. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule and deny any allegations inconsistent with the Final Rule.

43. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule and deny any allegations inconsistent with the Final Rule.

44. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the regulations implementing the H-2A program, at 29 C.F.R. Part 501 and deny any allegations inconsistent with those regulations.

45. This paragraph consists of arguments to which no response is required.

46. Admit that farmer participation in the H-2A program has increased since Congress enacted IRCA in 1986, deny the remaining allegations in this paragraph.

47. Defendant's respectfully refer the Court to the United States Department of Agriculture's data available at https://perma.cc/WD3N-YECM and deny any allegations inconsistent with that data.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph but admit that DOL certified 25,624 worker positions in North Carolina in Fiscal Year 2022 and 27,532 worker positions in Fiscal Year 2024.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the regulations implementing the H-2A program at 20 C.F.R. Parts 651, 653, 655, and 658, and 29 C.FR. Part 501, and deny any allegations inconsistent with those regulations.

51. Admit that farmers may incur costs familiarizing themselves with the new rule. As to the remainder of the allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

52. Admit.

53. Admit.

54. This paragraph consists of a characterization of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule.

55. This paragraph consists of a description of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule.

56. This paragraph consists of a description of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule.

57. This paragraph consists of a description of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule.

58. This paragraph consists of a description of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to

the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule.

59. This paragraph consists of a description of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule.

60. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule.

61. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent a response is deemed required, deny. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, deny.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is deemed required, deny. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule.

67. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1 to 66.

68. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the APA for a full and accurate statement of its contents and deny any allegations inconsistent with the APA.

69. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, deny.

70. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. .

71. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

72. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

73. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny and respectfully refer the Court to the NLRA for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

74. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA for a full and accurate statement of its contents and deny any allegations inconsistent with the NLRA.

75. This paragraph consists of conclusions of law and characterizations of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule and the NLRA for a full and accurate statement of their contents and deny any allegations inconsistent with the Final Rule and the NLRA.

76. This paragraph consists of conclusions of law and characterizations of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants deny and respectfully refer the Court to the Final Rule and the NLRA for a full and accurate statement of their contents and deny any allegations inconsistent with the Final Rule and the NLRA.

77. This paragraph consists of conclusions of law and characterizations of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule and the NLRA for a full and accurate statement of their contents and deny any allegations inconsistent with the Final Rule and the NLRA.

78. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1 to 77.

79. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the APA for a full and accurate statement of their contents and deny any allegations inconsistent with the APA.

80. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to 8 U.S.C. § 1188 for a full and accurate statement of their contents and deny any allegations inconsistent with that statute.

81. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to 8 U.S.C. § 1188 for a full and accurate statement of their contents and deny any allegations inconsistent with that statute.

82. This paragraph consists of conclusions of law and characterizations of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to IRCA and the NLRA for a full and accurate statement of their contents and deny any allegations inconsistent with those statutes.

83. This paragraph consists of conclusions of law and characterizations of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the regulations implementing the H-2A program at 20 C.F.R. Parts 651, 653, 655, and 658, and 29 C.FR. Part 501, for a full and accurate statement of their contents and deny any allegations inconsistent with those regulations.

84. This paragraph consists of conclusions of law and characterizations of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants

respectfully refer the Court to the Final Rule and IRCA for a full and accurate statement of their contents and deny any allegations inconsistent with the Final Rule and the IRCA.

85. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1 to 84.

86. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the APA for a full and accurate statement of its contents and deny any allegations inconsistent with the APA.

87. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to *North Carolina Coastal Fisheries Reform Group v. Captain Gaston LLC*, 76 F.4th 291, 296 (4th Cir. 2023) and *West Virginia v. EPA*, 597 U.S. 697, 700 (2022) for a full and accurate statement of the contents of those decisions and deny any allegations inconsistent with those decisions.

88. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to *North Carolina Coastal Fisheries Reform Group v. Captain Gaston LLC*, 76 F.4th 291, 296 (4th Cir. 2023) for a full and accurate statement of the contents of that decisions and deny any allegations inconsistent with that decision.

89. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to *North Carolina Coastal Fisheries Reform Group v. Captain Gaston LLC*, 76 F.4th 291, 296 (4th Cir. 2023) for a full and accurate statement of the contents of that decisions and deny any allegations inconsistent with that decision.

90. This paragraph consists of conclusions of law and characterizations of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule and deny any allegations inconsistent with the Final Rule.

91. As to the first sentence, Defendants lack knowledge and information sufficient to form a belief as to its truth. The second sentence of this paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA and deny any allegations inconsistent with the NLRA.

92. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NLRA and deny any allegations inconsistent with the NLRA.

93. This paragraph consists of conclusions of law and characterizations of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NRLA, *North Carolina Coastal Fisheries Reform Group v. Captain Gaston LLC*, 76 F.4th 291, 296 (4th Cir. 2023), and *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120 (2000), for a full and accurate statement of the contents of that statute and those decisions and deny any allegations inconsistent with that statute and those decision.

94. This paragraph consists of conclusions of law and characterizations of the Final Rule to which no response is required. To the extent a response to the first and fifth sentences of this paragraphs is deemed required, Defendants respectfully refer this Court to the Final Rule for a full and accurate statement of its contents and deny any allegations inconsistent with the Final Rule. To the extent a response to the second sentence of this paragraph is deemed required, Defendants respectfully refer this Court to the NLRA for a full and accurate statement of its contents and deny

any allegations inconsistent with the NLRA. To the extent a response to the third and fourth sentences of this paragraph is deemed required, Defendants respectfully refer this Court to the relevant state laws for a full and accurate statement of the contents of those laws and deny any allegations inconsistent with those laws.

95. This paragraph consists conclusions of law and characterizations of the Final Rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the IRCA for a full and accurate statement of the contents of that statute and deny any allegations inconsistent with the IRCA.

96. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the NRLA and *North Carolina Coastal Fisheries Reform Group v. Captain Gaston LLC*, 76 F.4th 291, 296 (4th Cir. 2023) for a full and accurate statement of the contents of that statute and that decision and deny any allegations inconsistent with that statute and that decision.

97. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of the contents of that statute and those decisions and deny any allegations inconsistent with the Final Rule.

98. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1 to 97.

99. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, deny. Defendants respectfully refer this Court to the APA for a full and accurate statements of its contents and deny any allegations inconsistent with the APA.

100. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, deny. Defendants respectfully refer this Court to *Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983) for a full and accurate statement of the contents of that decision and deny any allegations inconsistent with that decision.

101. This paragraph consists of conclusions of law and characterizations of the Final Rule, not allegations of fact to which a response is required. To the extent that a response is deemed required, deny. Defendants respectfully refer this Court to the NLRA and relevant state laws for a full and accurate statements of their contents and deny any allegations inconsistent with the NLRA and state laws.

102. This paragraph consists of conclusions of law and characterizations of the Final Rule, not allegations of fact to which a response is required. To the extent that a response is deemed required, deny. Defendants respectfully refer this Court to IRCA for a full and accurate statements of its contents and deny any allegations inconsistent with IRCA.

103. This paragraph consists of conclusions of law and characterizations of the Final Rule, not allegations of fact to which a response is required. To the extent that a response is deemed required, deny. Defendants respectfully refer this Court to the NLRA and relevant state laws for a full and accurate statements of their contents and deny any allegations inconsistent with the NLRA and state laws.

104. This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, deny.

The remainder of the complaint contains Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the requested relief.

DATE: November 22, 2024                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Branch Director

*/s/ Michael P. Clendenen*
MICHAEL P. CLENDENEN
MICHAEL J. GAFFNEY
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: 202-305-0693
Email: michael.p.clendenen@usdoj.gov

*Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2024, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Michael P. Clendenen*
MICHAEL P. CLENDENEN
Trial Attorney
United States Department of Justice
