IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:24-cv-527

| | |
|---|---|
| NORTH CAROLINA FARM BUREAU FEDERATION, INC.; HIGHT FAMILY FARMS, LLC; and TRIPLE B FARMS, INC., <br><br>*Plaintiffs*, <br><br>v. <br><br>UNITED STATES DEPARTMENT OF LABOR; JOSÉ JAVIER RODRIGUEZ, in his official capacity as Assistant Secretary of the United States Department of Labor; and JESSICA LOOMAN, in her official capacity as Administrator, Wage & Hour Division of the United States Department of Labor, <br><br>*Defendants*. | **PROPOSED INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PERMISSIVE INTERVENTION OR CONDITIONAL MOTION FOR INTERVENTION AS OF RIGHT AND TO PARTICIPATE AS AMICI** |

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:24-cv-527

| | |
|---|---|
| NORTH CAROLINA FARM BUREAU FEDERATION, INC.; HIGHT FAMILY FARMS, LLC; and TRIPLE B FARMS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR; JOSÉ JAVIER RODRIGUEZ, in his official capacity as Assistant Secretary of the United States Department of Labor; and JESSICA LOOMAN, in her official capacity as Administrator, Wage & Hour Division of the United States Department of Labor, <br><br> *Defendants*. | **PROPOSED INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PERMISSIVE INTERVENTION OR CONDITIONAL MOTION FOR INTERVENTION AS OF RIGHT AND TO PARTICIPATE AS AMICI** |

This Court should grant Proposed Intervenors' motion for permissive intervention, or alternatively defer consideration of motion for intervention as of right until such time as the government's representation of Proposed Intervenors' interests becomes inadequate. The government's response to the motion to intervene provides no good reason to deny permissive intervention nor to rule prematurely on intervention as of right. *See* Def.'s Opp'n Mot. Interv., ECF No. 39 ("Gov't Opp'n").[1]

---

[1] While the Motion to Intervene has been pending, the parties have briefed cross-motions for summary judgment. *See* ECF No. 11, 12, 13, 35, 36, 43. To ensure that if they are granted intervention they will have timely participated in the summary judgment briefing, Proposed Intervenors filed a Proposed Opposition to Plaintiffs' Motion for Summary Judgment on the same day the government's response to Plaintiffs' motion for summary judgment was due. *See* ECF No. 33. If this Court denies permissive intervention and defers consideration of the

I.  **The Court Should Grant Proposed Intervenors' Motion for Permissive Intervention**

The government argues that Proposed Intervenors do not satisfy the permissive-intervention conditions because (1) the government already adequately represents their interests, Gov't Opp'n 2–3; and (2) their participation will complicate the case and cause undue delay, *id.* at 3. The former is irrelevant, and the latter is untrue.

First, the government imports the intervention-as-of-right adequacy-of-representation requirement of Rule 24(a)(2) into the permissive-intervention standard of Rule 24(b), which says nothing about adequacy of representation. Indeed, the government initially concedes the irrelevance of adequacy by noting that a movant must satisfy only three requirements for permissive intervention: "(1) the motion is timely; (2) the defenses or counterclaims have a question of law or fact in common with the main action; and (3) intervention will not result in undue delay or prejudice to the existing parties." Gov't Opp'n 1 (quoting *Carcaño v. McCrory*, 315 F.R.D. 176, 178 (M.D.N.C. 2016)).

Despite initially stating the correct standard, the government goes on to argue that Proposed Intervenors do not satisfy the permissive-intervention standard because the government adequately represents their interests. To import the adequacy standard into the Rule 24(b) analysis, the government relies on one unreported, out-of-state case: *Democratic Party of Virginia v. Brink*, No. 3:21-cv-856-HEH, 2022 WL 287929, at *3 (E.D. Va. Jan. 31, 2022). But *Brink* did not import wholesale the adequacy standard into Rule 24(b); instead, it noted that where a proposed intervenor's interests are adequately represented, their participation is more likely to cause "prejudice or undue delay to the litigation" from duplicative briefing, which may

---

conditional motion to intervene as of right, Proposed Intervenors respectfully request that this Court consider their Proposed Opposition as an amicus brief. The government does not oppose allowing Proposed Intervenors to participate as amici. *See* Gov't Opp'n 3 n.1.

then weaken the case for permissive intervention. *Id.* (citing *Va. Uranium, Inc. v. McAuliffe*, No. 4:15-cv-31, 2015 WL 6143105, at *4 (W.D. Va. Oct. 19, 2015)). As described *infra*, Proposed Intervenors have no interest in submitting briefs that replicate the government's—and indeed have demonstrated they are fully capable of not doing so—and so this argument fails. Moreover, the remaining authority the government cites on adequacy of representation does not relate to permissive intervention, but instead plucks quotations from discussions of intervention as of right, and so is irrelevant to the permissive-intervention analysis. *See* Gov't Opp'n 2 (first citing *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976), and then citing *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013)).

The government next argues that allowing intervention could "needlessly complicate the issues and cause undue delay." Gov't Opp'n 3. But it fails to say specifically how Proposed Intervenors' participation would cause delay. Instead, selectively quoting *Ohio Valley Environmental Coalition, Inc. v. McCarthy*, the government says that "'[a]dding parties to a case almost always results in some delay.'" *Id.* (quoting 313 F.R.D. 10, 30 (S.D. W. Va. 2015)). It leaves out the second part of the sentence: "and so usually delay alone does not mean that intervention should be denied." *Ohio Valley Env't Coal.*, 313 F.R.D. at 30.

In any event, there is no evidence that Proposed Intervenors' participation would cause *any* delay, let alone undue delay. There is no discovery, settlement, or trial for Proposed Intervenors to delay. *See N.C. State Conf. of the NAACP v. Cooper*, 332 F.R.D. 161, 172 (M.D.N.C. 2019) (noting the various stages of litigation at which Proposed Intervenors might cause undue delay). Proposed Intervenors have already filed a Proposed Opposition to Plaintiffs'

Motion for Summary Judgment, and the court can impose the same deadlines on Proposed Intervenors as it imposes on the government.

Finally, the government notes that a court cannot uphold an agency action under arbitrary-or-capricious review based on post-hoc rationalizations but must instead rely "on the agency's [contemporaneous] explanation for that action." Gov't Opp'n 2–3; *see also SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). This does not help the government. Initially, the fact that the government is confined to the rationales the agency gave does not mean the government will raise *every* argument permissible under that rule. There is plenty of room for non-duplicative briefing. Indeed, a quick comparison of the Proposed Intervenors' Proposed Opposition, *see* ECF No. 33, and the government's Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment, *see* ECF No. 35, 36, belies the government's fear of duplication. Here are several arguments Proposed Intervenors raised that the government did not:

- Workers' rights to accept or invite guests to their employer-provided housing arises primarily from state landlord-tenant law, rather than federal statutes or regulations. *See* ECF No. 33 at 3–4.

- The Immigration Reform and Control Act of 1986 grants DOL implicit, as well as explicit, rulemaking authority. *See* ECF No. 33 at 10–13.

- Much of the Final Rule relies on the Wagner-Peyser Act's grant of rulemaking authority, *see* 29 U.S.C. § 49k, and so Plaintiffs cannot succeed on any claims that DOL lacks rulemaking authority to promulgate those provisions of the Final Rule. *See* ECF No. 33 at 7–8.

Moreover, under longstanding Fourth Circuit precedent, the rule that a court may only uphold an agency action using contemporaneous agency rationalizations *does not apply* to arguments that an agency lacks statutory authority for a given action. *See N.C. Comm'n of Indian Affs. v. U.S. Dep't of Lab.*, 725 F.2d 238, 240 (4th Cir. 1984); *Bass v. Vilsack*, 595 F. App'x 216, 220 n.2 (4th Cir. 2014) ("While generally a reviewing court may only judge the propriety of an agency decision on the grounds invoked by the agency, the court is not so bound when, as here,

the issue in dispute is the interpretation of a federal statute." (internal citation omitted)); *Guevara v. Zanotti*, 399 F. Supp. 3d 494, 503–04 (E.D. Va. 2019). Many of the Plaintiffs' arguments go to the agency's statutory authority to promulgate the Final Rule, *see, e.g.*, Pls.' Mem. Supp. Mot. Summ. J. 12–16, ECF No. 13, so the government's no-post-hoc-rationalizations argument is inapplicable.

## II. In the Alternative, the Court Should Defer Consideration of Proposed Intervenors' Motion for Conditional Intervention as of Right and Allow Them to Participate as Amici

If this Court denies permissive intervention, it should adopt a wait-and-see approach regarding intervention as of right. Deferring consideration of whether Proposed Intervenors satisfy the Rule 24(a)(2) standard until such time as the government ceases adequately to defend the Final Rule will conserve judicial resources while also ensuring a vigorous defense of the Rule throughout this litigation.

Since Proposed Intervenors filed their Motion to Intervene, the nation elected a new President. It is entirely unclear how the new administration will approach the defense of the Final Rule. However, it bears noting that the last time the current President-Elect took office, the Department of Justice ceased defending various agency actions taken and statutes passed under his predecessor.[2] Given the possibility, but not certainty, that the next administration will switch positions in this litigation, the prudent approach is to leave the motion to intervene as of right undisturbed and allow Proposed Intervenors to participate as amici in the interim.

The government argues that, because Rule 24(a)(2) does not explicitly provide for

---

[2] *See, e.g.*, Brent Kendall & Jess Bravin, *Trump's Justice Department Takes U-Turns on Obama-Era Positions*, Wall St. J., Jan. 5, 2018, https://www.wsj.com/articles/trumps-justice-department-takes-u-turns-on-obama-era-positions-1515148200 (DACA); Josh Gerstein, *Justice Department Attorney Resigns After Legal Shift on Obamacare*, Politico, June 12, 2018, https://www.politico.com/story/2018/06/12/obamacare-justice-department-resign-642992

"standby intervention," this Court should deny Proposed Intervenors' motion for conditional intervention as of right. But nothing in Rule 24 precludes a court from deferring consideration of a conditional motion to intervene. *See Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 509 (finding "no objection in the federal rules or elsewhere" to "[t]his procedure"). Indeed, a "district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (cleaned up); *see also Marryshow v. Flynn*, 986 F.2d 689, 693 (4th Cir. 1993) ("[B]road discretion is given to the trial court to manage its docket."). This Court's power to control its docket includes the power to defer consideration of a motion to intervene until such time as the government ceases adequately to represent that proposed intervenor's interests.

The government's cited cases are not to the contrary. Its reliance on *Washington Electric Cooperative v. Massachusetts Municipal Wholesale Electric Co.*, 922 F.2d 92, 97 (2d Cir. 1990), for the proposition that "[a]n interest that is . . . contingent upon the occurrence of a sequence of events before it becomes colorable . . . will not satisfy [Rule 24]" is misplaced.[3] Unlike *Washington Electric*, there is no dispute that Proposed Intervenors have here-and-now "interest[s]" that satisfy the Rule 24(a) standard. Fed. R. Civ. P. 24(a)(2); *see also* Prop. Intervs.'

---

(Affordable Care Act); Kevin Bohn, *Justice Department No Longer Fighting Injunction on Transgender School Guidance*, CNN, Feb. 11, 2017, https://www.cnn.com/2017/02/11/politics/justice-department-transgender-guidance-case (agency guidance under Title IX); *see generally* Michael R. Dreeben, *Stare Decisis in the Office of the Solicitor General*, 130 Yale L.J. Forum 541, 552–54 (Jan. 15, 2021) (describing changes in litigation position by DOJ under the President-Elect's prior administration).

[3] The government's reliance on *United States v. Microsoft Corp.* suffers from the same problem. That case dealt only with whether the proposed intervenors had a non-speculative interest in the case. *See* No. CIV. A. 98-1232(CKK), 2002 WL 319784, at *1–2 (D.D.C. Jan. 28, 2002). It did not discuss adequacy of representation.

Mem. Supp. Mot. Interv. 11–13, ECF No. 26. Further, and unlike *Washington Electric*, Proposed Intervenors are not asking this Court to grant intervention as of right *now* based on what may happen.

Meanwhile, *Kleissler v. United States Forest Service* goes even further than Proposed Intervenors' argument and holds that proposed intervenors can satisfy adequacy-of-representation based on hypothetical future events. *See* 157 F.3d 964, 974 (3d Cir. 1998) ("An intervenor need only show that representation *may* be inadequate, not that it is inadequate.") (citation omitted) (emphasis added); *id.* at 973–74 ("[T]he government represents numerous complex and conflicting interests. . . . The straightforward . . . interests asserted by intervenors here may become lost in the thicket of sometimes inconsistent governmental policies. . . . [I]t is not realistic to assume that the agency's programs will remain static or unaffected by unanticipated policy shifts."). If *Kleissler* applies, intervention as of right would be appropriate now, not at some point in the future.

Finally, in *North Carolina State Conference of the NAACP v. Berger*, the Court did not consider whether a district court could grant intervention contingent on a later showing of adequacy—Proposed Intervenors in that case argued that the defendants failed adequately to represent them at that moment. 999 F.3d 915, 930–38 (4th Cir. 2021), *rev'd on other grounds sub nom. Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179 (2022).[4]

---

[4] The government asserts that under *North Carolina State Conference of the NAACP*, this Court should deny the motion to intervene without prejudice and allow the Proposed Intervenors to file a renewed motion to intervene if the government abandons its defense of the Final Rule. Gov't Opp'n 4–5. Proposed Intervenors have no real objection to that course of action, provided that a second motion to intervene based on changed circumstances would not be considered untimely. However, Proposed Intervenors note that taking the time to assess and deny a motion now, only to consider a second such motion later, is a far less efficient use of judicial resources than simply deferring consideration of *this* motion unless and until the government ceases defending the Final Rule.

If this Court denies permissive intervention, the most efficient way to deal with the uncertainty of the incoming administration's defense of the Final Rule is to defer consideration of the conditional motion to intervene as of right until such time as the future adequacy or inadequacy of the government's representation of Proposed Intervenors' interests becomes clear.

### III. Conclusion

For the foregoing reasons, this Court should grant Proposed Intervenors' motion for permissive intervention, or, in the alternative, defer consideration of Proposed Intervenors' motion for conditional intervention as of right and allow Proposed Intervenors to participate as amici. If this Court takes the latter route, Proposed Intervenors respectfully request that they be permitted to participate as amici and that this Court consider their Proposed Opposition to the Plaintiffs' Motion for Summary Judgment as an *amicus curiae* brief in support of the government.

Respectfully submitted this 9th day of December, 2024.

/s/ *Hannah R. Schwarz*
Hannah R. Schwarz* (IL 6339642)
Nathan Leys** (CT 442014)
*Application under Loc. Civ. R. 83.1 pending*
**Appearing under Loc. Civ. R. 83.1*
FarmSTAND
712 H St. NE, Suite 2534
Washington, D.C. 20002
Phone: (202) 630-3095
Fax: (978) 845-2282
Email: hannah@farmstand.org
Email: nathan@farmstand.org

/s/ *Clermont F. Ripley*
Clermont F. Ripley, N.C. Bar No. 36761
Carol L. Brooke, N.C. Bar No. 29126
NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC 27611
Phone: (919) 856-2154
Fax: (919) 856-2175
Email: carol@ncjustice.org
Email: clermont@ncjustice.org

## CERTIFICATE OF SERVICE

I certify that on December 9, 2024, I caused the foregoing Reply in Support of Proposed Intervenors' Motion to Intervene to be served on all parties via the CM/ECF e-filing system.

/s/ *Carol L. Brooke*
Carol L. Brooke